UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SEBRING MANAGEMENT FL, LLC,
Case No. 8:15-bk-08589
Chapter 11

Debtor,

_____/

### DECLARATION OF PROPOSED COUNSEL
### IN CONNECTION WITH DEBTOR'S APPLICATION TO EMPLOY COUNSEL

Under the pains and penalties of perjury, I, JAY B. VERONA, swear to the following:

1.      That I have personal knowledge of the factual matters set forth herein.

2.      That I am an attorney at law, duly admitted to practice in the State of Florida and before this Court.

3.      That I am a partner of the law firm of Shumaker, Loop & Kendrick, LLP *("SLK")*.

4.      That SLK maintains various offices in Ohio, North Carolina and Florida, including one at Bank of America Plaza, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602.

5.      That SLK represents the Debtor, Sebring Management FL, LLC *("SMF")* in this Chapter 11 case.

6.      That this affidavit is intended to comply with 11 U.S.C. Secs. 327(a) and 329(a), and Fed. R. Bankr. Pro. 2014(a) and 2016(b).

7.      That in connection with the preparation of this Affidavit, I conducted an inquiry to determine whether SLK is currently representing, had ever previously represented, or had any connection with SMF or any of the creditors. My inquiry consisted of a review of the schedules of creditors and Master Mailing Matrix to be filed in this matter, together with the opened and closed files database which SLK maintains on SLK's computer network. The database is kept and

1

maintained by SLK as part of the regular business of SLK, and entries are regularly made in the database at the time when a file is either opened or closed. When a new file or matter is opened, a client number and matter number is assigned to that file. If there exists more than one matter for a particular client, each matter is assigned a separate number under the same client number. The database is searchable by client name, client number and matter number. SLK has maintained these databases, in either paper or computer form, since approximately 2004. I regularly use and rely upon these databases in connection with my law practice.

8.      That based upon the foregoing, as well as my personal recollection, it appears that neither SLK nor I have any connections with SSI, the creditors, or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that:

A.      SLK has acted as counsel for SSI pre-petition.

B.      Pre-petition, SLK represented Dennis Buchman and Alan Shoopak, together with one or more of their affiliated entities,[1] as co-defendants or respondents with one or more of the Debtors in certain litigation and arbitration proceedings. In recognition of those representations, SLK sought and obtained, from independent counsel for Buchman and Shoopak, their (i) consent to SLK withdrawing from all representation of Buchman, Shoopak and/or their affiliated entities, (ii) consent to SLK representing the Debtor in this bankruptcy case, and (iii) a waiver of any actual or potential conflict of interest that might arise as a result of the foregoing.

9.      That neither I nor SLK have been paid fees prepetition nor do we hold a security interest, guarantee or other assurance of compensation for services performed and to be performed in connection with this case, except that:

A.      On or about August 14, 2015, SMF paid SLK a retainer of $80,000, which

---

[1] Buchman, Shoopak and/or their affiliated entities are, or may subsequently be scheduled as creditors in this case.

was deposited into SLK's trust account.

      B.    On or about August 18, 2015, SMF paid SLK a retainer of $100,000, which was deposited into SLK's trust account.

      C.    SMF has agreed to pay SLK its normal hourly rates, which are currently $415.00 for Jay Verona, $225.00 - $310.00 per hour for other attorneys within the firm likely to work on this matter, and $160.00 - $235.00 for paralegals and law clerks, together with reimbursement of expenses incurred in connection therewith.

      D.    Leif Andersen, the President, CEO and equity security holder of Sebring Software, Inc., SMF's parent company, has agreed to guarantee payment of SLK's fees and expenses.

10.    That there exists no agreement of any nature as to the sharing of any compensation to be paid to me or SLK in connection with this case.

11.    That neither I nor SLK is a "creditor" of SMF, as that term is defined in 11 U.S.C. Sec. 101(10).

12.    That neither I nor the SLK is, nor has the right to become, an "equity security holder" of SMF, as that term is defined in 11 U.S.C. Sec. 101(16), (17).

13.    That neither I nor SLK is, nor has the right to become, an "insider" of SMF, as that term is defined in 11 U.S.C. Sec. 101(31).

14.    That neither I nor SLK has ever been, nor has the right to become, a financial advisor or an investment banker for any outstanding security of SMF, a director, officer or employee of such a financial advisor or investment banker, or an attorney for such a financial advisor or investment banker in connection with the offer, sale or issuance of a security of SMF.

15.    That neither I nor SLK have ever been, nor has a right to become, a director, officer,

3

manager or employee of SMF.

16.     That neither I nor SLK has an interest materially adverse to the interest of the Bankruptcy estate or of any class of creditors or equity security holders.

17.     That except as stated previously herein, neither I nor SLK has any connection with SMF, the creditors, or any other party in interest, including their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

18.     That except as stated previously herein, neither I nor SLK has any other interest, direct or indirect, that may affect or be affected by the proposed representation.

**I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO THE PROVISIONS OF 28 U.S.C. §1746 THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.**

_____
JAY B. VERONA