UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SEBRING MANAGEMENT FL, LLC,         Case No. 8:15-bk-08589
       Chapter 11

    Debtor,
_____/

### DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

> *Emergency Relief Requested: For the reasons more particularly set forth in this Motion and in the Certificate of Necessity filed in support of this Motion, the Debtor requests that the Court conduct a hearing on this Motion at the earliest opportunity, and expects that such hearing will last no more than 30 minutes.*

Chapter 11 Debtors, Sebring Management FL, LLC *("SMF")*, Sebring Software, Inc. *("SSI")*,[1] Sebring Dental of Arizona, L.L.C. *("SDA")*[2] and AAR Acquisition, L.L.C. *("AAR")*[3] (collectively *"Debtors"*),[4] pursuant to 11 U.S.C. §363(c)(2) and Fed. R. Bankr. Pro. 4001(b), respectfully move the Court for the entry or an order authorizing the use of cash collateral, and in support thereof, Debtors state as follows:

1. On August 23, 2015, the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. The Debtors are continuing in possession of their property and both operating and managing their business as a debtor-in-possession pursuant to 11 U.S.C. §1107 and 1108.

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M).

4. Collectively, the Debtors provide dental management services, including support to affiliated dental practices in all non-clinical aspects of dental practice, including staffing,

---

[1] SSI:  Case No: 8:15-bk-08591, U.S. Bankruptcy Court, Middle District of Florida.
[2] SDA: SDA: Case No. 8:15-bk-08590, U.S. Bankruptcy Court, Middle District of Florida.
[3] AAR: Case No. 8:15-bk-08592, U.S. Bankruptcy Court, Middle District of Florida.

patient scheduling, billing and collections, financial reporting and analysis, group purchasing, payroll, marketing, education, training and management information systems, enabling affiliated dentists to focus exclusively on delivering high quality patient care.

5. One or more of the Debtors' secured creditors may claim a lien upon or an interest in, among other things, Debtors' revenues, deposit accounts, and other cash assets, the proceeds of which may constitute cash collateral.

6. Pursuant to 11 U.S.C. §363(c)(2), the Debtors may use cash collateral if the Debtors obtain (i) the consent of each entity that has an interest in the cash collateral, or (ii) authority of this Court, after notice and a hearing.

7. In particular, the following creditors *("Secured Creditors")* may claim an interest in the Debtors' cash collateral:

| Creditor | Debtor | Basis for Security Interest | Amount Owed |
| --- | --- | --- | --- |
| MidMarket Capital Partners, LLC, as Agent[5] | Sebring Software, Inc. | Security Agreement and UCC-1 Fla. Doc.20150295798X; UCC-1 Nev. Doc. 2013011013-9 | Approx. $16MM; potential dispute as to amount |
| | Sebring Management FL, LLC | Security Agreement and UCC-1 Fla. Doc. 201308936956 | Approx. $16MM; potential dispute as to amount |
| | Sebring Dental of Arizona, LLC | Security Agreement and UCC-1 Ariz. Doc. 201317378389 | Approx. $16MM; potential dispute as to amount |
| | AAR Acquisitions, LLC | Security Agreement UCC-1 Ariz. Doc. 201317378370 | Approx. $16MM; potential dispute as to amount |

---

[4] A Motion for Joint Administration is pending as to all Debtors.
[5] For Great American Life Insurance Company; Great American Insurance Company; United Teachers Associates Insurance Company; and Continental General Insurance Company.

| Creditor | Debtor | Basis for Security Interest | Amount Owed |
|---|---|---|---|
| Orthodontic Centers of Fla., Inc. | Sebring Software, Inc. | UCC-1 Nev. Doc. 2015001954-5 | Approx. $350,000 – dispute as to amount |
| OneView Finance | AAR Acquisitions, LLC | UCC-1 Ariz. Doc. 201317501558 | Approx $2,700 |

8. The use of the cash collateral is essential to the ongoing operations of the Debtors because such cash collateral is necessary to fund administrative expenses and all other operational funding needs of the Debtors.

9. The Debtors are prepared to offer, and do hereby offer all the Secured Creditors adequate protection of their potential liens upon and/or interests in the cash collateral as follows:

(i) Notwithstanding the provisions of 11 U.S.C. §552(a), a lien on post-petition cash collateral, which lien shall be of the same extent, validity and priority, if any, that the Secured Creditors held prepetition. However, any order adopting this offer shall not be construed as a determination as to the validity or priority of any liens on the cash collateral or any other tangible or intangible assets.

(ii) Use of the cash collateral solely for ordinary course operating expenses, within a reasonable variance consistent with a budget to be provided to Secured Creditors in advance of the hearing on this motion, together with such other expenses outside the ordinary course of Debtors' business as may be approved by the Court.

(iii) Providing Secured Creditors with periodic reports as to Debtors' income and expenses.

10. ***Emergency Hearing Requested***:  The Debtors request an emergency hearing on this Motion because if the Debtors are denied the ability to immediate use cash collateral, there will be direct, immediate and substantial harm to the Debtors' ability to continue business operations, perform its obligations, and maximizes their assets for a successful reorganization.  Specifically, (i) 11 U.S.C. §363(c)(2) prohibits the use of cash collateral absent consent of the creditors or authority of the court; (ii) without the immediate use of cash collateral, the Debtors cannot pay its ordinary course operating expenses, and will therefore be forced to cease operations.  A Certificate of Necessity of Request for Emergency Hearing will be filed contemporaneously with this Motion.

WHEREFORE, the Debtors respectfully request this Court enter an Order authorizing use of cash collateral in a manner consistent with the foregoing, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ Jay B. Verona
    **JAY B. VERONA, ESQ.**
    Fla. Bar No. 352616
    jverona@slk-law.com
    SETH P. TRAUB, ESQ.
    Fla. Bar. No. 022088
    straub@slk-law.com
    101 E. Kennedy Blvd., Suite 2800
    Tampa, FL 33602
    Phone: 813-229-7600; Fax:  813-229-1660
    *Counsel for the Debtor*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on August 23, 2015, a copy of the foregoing was filed electronically through the Court's CM/ECF system and on August 24, 2015, a copy of the foregoing will be served by e-mail or U.S. Mail upon:

MidMarket Capital Partners, LLC, as Agent
301 E. Fourth St., 27th Floor
Cincinnati, OH 45202

Great American Life Insurance Company
Attn: Craig S. Lindner, President and CEO
301 E. 4th St., Cincinnati, OH 45202
Great American Insurance Company
Attn: Donald D. Larson, President – COO
301 E. 4th St., Cincinnati, OH 45202

United Teacher Associates Insurance Company
Attn: Stephen C. Lindner, President
301 E. 4th St., Cincinnati, OH 45202

Continental General Insurance Company.
Attn: Craig S. Lindner, President and CEO
301 E. 4th St., Cincinnati, OH 45202

OneView Finance
1111 W. San Marnan Dr., Ste. A2
Waterloo, IA 50701

Orthodontic Centers of Florida, Inc.
Attn: Joseph Sivori, CEO
3850 N. Causeway Blvd., Suite 800, Metairie, LA 70002

Office of the United States Trustee
501 E. Polk St., Suite 1200
Tampa, FL 33602

20 largest/ LR 1007(d) Parties in Interest List

/s/ Jay B. Verona_____
*Counsel for the Debtor*

SLK_TAM:#2409064v1